NEW JERSEY MISCELLANEOUS REPORTS. 443

N. J. Dept. Labor—Bakos v. Knight Construction Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

TESSIE BAKOS, PETITIONER, v. KNIGHT CONSTRUCTION
COMPANY, RESPONDENT.

**Death of Employe Caused by Motor Vehicle Accident While in Employer's Truck, in Which He was Being Transported From His Home to His Work.**

On petition for compensation. On determination of facts and rule for judgment.

For the petitioner, *Samuel C. Meyerson.*

For the respondent, *Frank G. Turner.*

\*    \*    \*    \*    \*    \*    \*

1. This is a proceeding brought by Tessie Bakos, the widow of her deceased husband, Joseph Bakos, against the Knight Construction Company, the employer, for compensation under an act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of the employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the acts supplemental thereto and amendatory thereof. This matter having been regularly set down for a hearing, it was tried before me on the 19th day of October, 1926, in the presence of the attorneys for both sides.

2. I find that the deceased, Joseph Bakos, was employed by the respondent as a laborer at the rate of $4 per day; that under the terms of the said employment, said deceased was to be transported from his residence at Hibernia to the place of employment or the central distributing office at Morristown, and at the end of the day was to be returned to Hibernia.

3. That while in the course of his employment and on his way to the central distributing point at Morristown, on

the 5th day of May, 1926, the truck belonging to the employer, and in which the deceased was being transported from Hibernia to Morristown, met with an accident. The deceased was thrown out of the truck and suffered an injury from which he died two days later.

4. That the employer had knowledge of the said accident.

5. That the facts in detail were as follows: The said employe, the deceased, lived in Hibernia, about twelve miles from Morristown. After going to work from Hibernia to Morristown for three days, dissatisfaction was expressed by him through his son, in a conversation had with the president of the respondent corporation. The deceased was unwilling to work for the wages of $4 a day and pay for his transportation or use his own car. As a result of this protest, the respondent permitted the deceased, with other laborers living in Hibernia, to use the truck of the respondent to go to work and return each day. The said truck was driven by a son of the deceased, also in the employ of the respondent company, and it was the custom for more than a month prior to the accident for the son to take the respondent's truck, with the knowledge and consent of the respondent, and transport the laborers from Morristown to Hibernia and bring them all to work the next morning. Both the president of the respondent corporation and the foreman of the company knew of this practice, and the use of the truck was had with the knowledge and consent of the respondent corporation. While being so used, on the 5th day of May, 1926, the driver lost control of the truck, and it overturned, killing the deceased; and knowledge of this accident was had by the respondent within the time prescribed in the said act.

6. From the evidence, I conclude and find that the transportation of the decedent was an incident to his employment and a part of the contract of employment and that the accident arose out of and in the course of the said employment.

7. I find that the petitioner is entitled to be reimbursed for funeral expenses to the sum of $150. I find that the costs should be paid by the respondent, as well as a counsel fee of $750.

8. That the wages of deceased were $24 per week; that the dependents of the deceased are as follows:

Tessie Bakos, widow; Mary Bakos, born September 16th, 1911; Joseph Bakos, born February 15th, 1913; Katherine Bakos, born October 6th, 1915; Tony Bakos, born June 14th, 1919; Paul Bakos, born April 4th, 1922; George Bakos, born May 16th, 1926.

It is therefore ordered, that judgment final be entered in favor of the petitioner, and that the respondent pay or cause to be paid to the dependents of the petitioner the following sums:

$14.40 per week from May 5th, 1926, to February 15th, 1929.

$13.20 per week from February 15th, 1929, to October 6th, 1931.

$12.00 per week from October 6th, 1931, to March 2d, 1932.

$10.80 per week from March 2d, 1932, to June 14th, 1935.

$9.60 per week from June 14th, 1935, until April 4th, 1938.

$8.40 per week from April 4th, 1938, to May 16th, 1942, together with funeral bill of $150, and the costs of these proceedings, and counsel fee of $750, right being reserved to apply for further counsel fee in this matter.

HARRY J. GOAS,
*Deputy Commissioner.*